**(100 South. 732)**

**No. 24316.**

**WILKINS v. FEATHERSTONE TRANS-FER CO.**

(March 31, 1924. Rehearing Denied by Division C May 5, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Carriers** ☞300—Negligence of chauffeur in failing to see automobile coming out of alley held to make owner of taxicab liable for injuries to passenger.

Where plaintiff, while riding as passenger in defendant's taxicab, was injured in collision with another automobile, defendant was liable, where it appeared that his chauffeur

───────
[1] Ante, p. 598.

suddenly switched around from behind a third automobile in effort to pass on wrong side and in doing so struck another car coming out of an alley because he failed to see it.

2. **Damages** ☞131(1)—$1,440 held proper for injuries in automobile accident and loss of time and commissions.

$1,440 *held* proper recovery where taxicab passenger was bruised in collision; thickening of periosteum being induced, and he being confined to bed for two weeks, unable to work for four and a half months, losing commissions of about $200 per month and wages of $175 per month, allowance for pain and suffering being $800 and doctor bills $40.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by James W. Wilkins against the Featherstone Transfer Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Pugh & Boatner, of Shreveport, for appellant.

Hall & Bullock, of Shreveport, for appellee.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. Plaintiff was injured while a passenger in a taxicab of the defendant company which operates such vehicles for hire in the city of Shreveport. The injury was the result of a collision between the machine in which he was riding and another automobile operated by others. The sole question in the case, other than the quantum of damages, is: Was defendant's chauffeur guilty of negligence? The lower court concluded that he was and gave judgment for the injuries which he considered were attributable to the accident. Defendant appealed, and plaintiff has answered praying that the allowance be increased to the sum claimed in his petition.

Opinion.

[1] The cab in which plaintiff was riding was proceeding to the Union Depot in the city of Shreveport, and another car coming

slowly out of an alleyway about the middle of the block was struck, as it protruded into the street from four to six feet, head on by the taxicab. The lower judge concluded that if the driver had been keeping a proper lookout, he could easily have seen the other car, which had almost come to a stop, in time to have pulled slightly to the left and avoided the collision. He had the whole width of the street for this purpose. The court also found that the chauffeur of defendants' machine had suddenly switched around from behind a third automobile which was ahead of it in an effort to pass upon the wrong side, and in doing this failed to see the car coming out of the alley. His view was that these circumstances amounted to negligence, and that defendant was liable. An examination of the record convinces us of the correctness of that conclusion.

#### Quantum of Damages.

[2] Plaintiff received certain contusions and bruises upon his shin and knee, which produced periostitus or thickening of the periosteum. He was confined to his bed for about two weeks and was unable to return to his work for four and a half months, but his employer continued to pay his salary at the rate of $2,100 per year, or $175 per month. However, he had also made commissions upon his sales as a traveling salesman, which had run his income up the year before to $4,500; and the lower judge decided that he was entitled to recover in round figures at the rate of $200 per month for loss of these commissions. He also allowed plaintiff $800 for his pain and suffering, and $40 for doctor's bills, or a total of $1,440. We find these figures substantially correct.

Plaintiff also claimed to have developed sciatica as a result of the accident, but the court below concluded that he had failed to prove that this was due to his said injuries. A careful review of the evidence on this point does not convince us that his finding was wrong.

For the reasons assigned, the judgment is affirmed, with costs.

Rehearing refused by Division C, composed of Justices OVERTON, ST. PAUL, and THOMPSON.